6 F.3d 787
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Anthony F.J. BRUSHEL, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3155.
 United States Court of Appeals, Federal Circuit.
 Sept. 9, 1993.
 
 Before PLAGER and RADER, Circuit Judges, and WOODS*, District Judge.
 PLAGER, Circuit Judge.
 
 
 1
 Petitioner Anthony F.J. Brushel appeals the final decision of the Merit Systems Protection Board (Board), Dkt. No. DE315I910380B1[1], dismissing his appeal for lack of timeliness. We affirm.
 
 BACKGROUND
 
 2
 Mr. Brushel was a Certified Respiratory Therapy Technician (CRTT), GS-8, serving at the VA Medical Center in Reno, Nevada. On April 10, 1989, he was detailed[2] to a supervisory CRTT position, a post at which he remained until April 8, 1990. At that time, he was permanently promoted to that position, and his pay was upgraded to the GS-9 level.
 
 
 3
 On February 19, 1991, Mr. Brushel was notified in writing by Angela Fisher, his immediate supervisor within the Department of Veterans Affairs (agency), that he was being returned to his nonsupervisory position, at the GS-8 level, effective March 10, 1991, because of unsatisfactory performance. In that same writing, Mr. Brushel was also notified that the agency action returning him to the nonsupervisory position (agency action) was nongrievable, that he could request reconsideration of the action within ten days, and that he had a limited appeal right to the Board[3] which had to be exercised within twenty days of the agency action.[4]
 
 
 4
 On February 28, 1991, Mr. Brushel filed a request for reconsideration with the agency. When that request was denied, Mr. Brushel, on March 13, 1991, filed a grievance pursuant to the applicable collective bargaining agreement, the AFGE Master Agreement (collective bargaining agreement). The agency apparently did not act on this grievance. Undeterred, on April 1, 1991, the day on which the twenty day period for filing an appeal with the Board expired, Mr. Brushel filed a second grievance pursuant to the collective bargaining agreement. On April 12, 1991, that action was dismissed on the ground it was nongrievable.
 
 
 5
 On June or July 8, 1991[5], Mr. Brushel filed an appeal with the Denver Regional Office of the Board challenging the agency action. In an initial decision dated September 3, 1991, the AJ, Dkt. No. DE315I9110380, dismissed the appeal for lack of jurisdiction. According to the AJ, the agency action occurred while Mr. Brushel was a probationary employee. Thus, the Board did not have jurisdiction over his appeal.[6]
 
 
 6
 On December 23, 1991, however, the Board, upon Mr. Brushel's petition for review, vacated and remanded for a hearing on the jurisdictional issue of whether Mr. Brushel, through the terms of the collective bargaining agreement, had achieved, or should have achieved had the agreement been followed, nonprobationary status at the time of the agency action.[7]
 
 
 7
 On remand, however, the AJ, in the decision that gave rise to this appeal, dismissed the Board appeal for lack of timeliness without reaching the jurisdictional issue. As indicated, that decision became final when the Board dismissed Mr. Brushel's petition for review. This appeal followed.
 
 DISCUSSION
 
 8
 We first consider whether initiation of the grievance procedures deprived the Board of jurisdiction pursuant to 5 U.S.C. Sec. 7121(e)(1) (1988).[8] That section gives an aggrieved employee the choice of following one of two paths to challenge an agency's adverse action--an appeal to the Board, or a grievance. See Rodriguez v. Merit Sys. Protection Bd., 804 F.2d 673, 675 (Fed.Cir.1986). Once the choice is made to pursue one path, the other is forever waived. Id. Although this issue was not considered below or raised by the parties, we have concluded we must consider it because of its potential impact on our jurisdiction.
 
 
 9
 We conclude that the initiation of the grievance procedures by Mr. Brushel did not waive his right to appeal to the Board. It is undisputed that supervisory employees are not covered by the collective bargaining agreement, and thus that the agency action returning Mr. Brushel to a nonsupervisory position was nongrievable. Accordingly, the attempt by Mr. Brushel to initiate grievance procedures is not encompassed by the terms of 5 U.S.C. Sec. 7121(e)(1), which are limited to matters that "fall within the coverage of the negotiated grievance procedure...." Accordingly, he did not waive his right to appeal to the Board.
 
 II.
 
 10
 We next consider whether Mr. Brushel has shown good cause for the delay in filing his appeal with the Board. The AJ specifically found that Mr. Brushel was aware of the time period for exercising his right of appeal to the Board[9], and that his proffered excuse for the delay, mental impairment, did not constitute good cause. Mr. Brushel has not challenged these findings on appeal.
 
 
 11
 Instead, Mr. Brushel argues that the delay was somehow caused by his confusion over where to file the appeal due to conflicting instructions given him by the agency.[10] However, there is no indication this argument was made to the AJ, or that the AJ considered it. Accordingly, we will not address it on appeal.
 
 
 12
 The AJ also evaluated the impact of the two grievances. He specifically found that they "did not relieve [Mr. Brushel] of his responsibility to file a timely appeal with the Board." We find no error in this finding. The record shows Mr. Brushel was specifically advised in February of 1991 that the agency action was nongrievable. Therefore, there is no apparent justification for Mr. Brushel's initiation and pursuit of these procedures. Such does not constitute good cause for the delay.
 
 
 13
 Our conclusion on this point is supported by two Board cases, Lewis v. U.S. Postal Serv., 47 M.S.P.R. 228 (1991) and Pierce v. Small Business Admin., 20 M.S.P.R. 389 (1984). In Lewis, the appellant filed a timely filed appeal of his removal to the Board, but then withdrew that appeal to pursue a grievance with the agency. After that grievance was unsuccessfully terminated, he filed another appeal with the Board more than twenty days after the removal action. The Board concluded that, although the initiation of the grievance did not deprive the Board of jurisdiction under 5 U.S.C. Sec. 7121(e)(1) (because appellant was a Postal Service employee and 5 U.S.C. Sec. 7121 does not apply to such employees), the appellant had not shown good cause for the delay in filing the second appeal. As the Board stated: "The appellant's appeal was late because he was pursuing a grievance-arbitration remedy. Pursuit of a grievance in another forum does not constitute good cause for the waiver of Board time limits." Id. at 232.
 
 
 14
 In Pierce, the appellant filed an appeal with the Board more than twenty days after the alleged adverse agency action. He asserted that the delay was excusable because he was trying to obtain relief through the agency's grievance procedure. The Board concluded otherwise. It found that appellant's attempt to "pursue another avenue of appeal" did not constitute good cause.
 
 CONCLUSION
 
 15
 For all the foregoing reasons, we find no error in the Board's decision under the limited standard of review we are bound to apply pursuant to 5 U.S.C. Sec. 7703(c) (1988). Accordingly, we affirm.
 
 
 16
 * * *
 
 
 17
 * * *
 
 
 18
 An employee shall be deemed to have exercised his option
 
 
 19
 under this subsection ... at such time as the employee
 
 
 20
 timely files a notice of appeal ... or timely files a
 
 
 21
 grievance in writing ..., whichever occurs first.
 
 
 22
 * * *
 
 
 
 *
 Honorable George E. Woods, District Judge, Eastern District of Michigan, sitting by designation
 
 
 [1]
 The AJ issued an initial decision on February 28, 1992. That decision became final on December 11, 1992 when the Board denied Mr. Brushel's petition for review
 
 
 [2]
 According to which he performed at the supervisory level in an acting capacity, but remained at the GS-8 level
 
 
 [3]
 In accordance with 5 C.F.R. Sec. 315.806 (1992), the agency advised Mr. Brushel that, since the agency action occurred while he was serving during a one year probationary period, he could only appeal to the Board if he believed the action was based on discrimination because of his marital status or partisan political party affiliation
 
 
 [4]
 See 5 C.F.R. Sec. 1201.22 (1992)
 
 
 [5]
 The record is unclear as to which is the correct date. We do not need to resolve this issue because both are outside the twenty-day period for filing an appeal
 
 
 [6]
 Mr. Brushel has not alleged that the agency action was based on discrimination because of marital status or partisan political affiliation
 
 
 [7]
 If so, Mr. Brushel's right to appeal would not be limited to the circumstances delineated in 5 C.F.R. Sec. 315.806, and the Board would not be precluded from exercising jurisdiction over the appeal pursuant to that regulation. See 5 U.S.C. Secs. 7701(a), 7513(d) (1988)
 
 
 [8]
 This section, in relevant part, states:
 [Adverse agency actions] which also fall within the coverage of the negotiated grievance procedure may, in the discretion of the aggrieved employee, be raised either [through a direct appeal to the Board] or under the negotiated grievance procedure, but not both.
 
 
 [9]
 Apparently, Mr. Brushel was never advised that he would have an unrestricted right of appeal if the jurisdictional issue of whether he was a probationary employee at the time of the agency action was resolved in his favor. However, Mr. Brushel has not pursued this issue on appeal or alleged that it deterred him from filing an appeal with the Board. Thus, we decline to address it
 
 
 [10]
 Mr. Brushel's argument on this point is cursory and was made for the first time in papers submitted after he had filed his opening brief. He devotes the entirety of his brief, and the bulk of the later-filed papers, to the jurisdictional issue of whether he was a probationary employee at the time of the agency action