Thomas A. EGAN, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 01–3367.

United States Court of Appeals, Federal Circuit.

April 4, 2002.

Before MAYER, Chief Judge, RADER, and SCHALL, Circuit Judges.

PER CURIAM.

Thomas A. Egan seeks review of the September 1, 2000, decision of the Merit Systems Protection Board, No. SE0752000225–I–1, dismissing his appeal from the Office of Special Counsel's denial of corrective action. We *affirm*.

A board decision must be affirmed unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994).

█ Under 5 C.F.R. § 1209.5(a)(1), once the Office of Special Counsel ("OSC") provided written notification that it was terminating its investigation, Egan had sixty-five days to file an appeal with the Merit Systems Protection Board. OSC notified Egan on August 6, 1997, that there was no basis for his allegation of reprisal for whistleblowing activities or improper disciplinary action under any prohibited personnel practice. And on August 25, 1997, he was notified that OSC was terminating its investigation. Egan did not appeal to the board until May of 2000. He argues that the complaint he filed with OSC in 1997 did not raise the issue of involuntary resignation, but that subsequent filings he made with OSC in 1999 did raise the issue. He asserts that his appeal is timely with respect to the 1999 filings. Because Egan did not submit a copy of the complaints he filed in 1997 or 1999 to the board, and OSC characterized the 1999 filings as requests for reconsideration of the 1997 complaints, substantial evidence supports the board's finding that he did raise the involuntary resignation issue in 1997.

█ To correct prohibited personnel actions, an aggrieved employee may utilize the Merit Systems Protection Board's appellate procedure or a negotiated grievance procedure, but not both. 5 U.S.C. § 7121(d), (e), (g) (1994). The employee exercises this option when filing either a timely notice of appeal or a grievance. *See Rodriguez v. Merit Sys. Prot. Bd.*, 804 F.2d 673, 675 (Fed.Cir.1986). Egan filed four timely grievances under the negotiated grievance procedure in place for the Agency for International Development in January of 1997. The grievances were denied in March of 1997, on the ground that Egan's resignation was not involuntary. He had sixty days to appeal to the Foreign Service Grievance Board ("FSGB"). He appealed in March of 1999, two years later. The FSGB dismissed his appeal as untimely. Egan argues that because the FSGB did not consider the merits of his appeal, the FSGB filing did not constitute an election of the grievance procedure. This argument fails because he elected the grievance procedure when he filed the 1997 grievances, and once an election is made, "a decision on the merits is not guaranteed." *Id.*

Egan's argument that subsection 7121(g), and not subsection (e), which excludes Foreign Service officers, applies here is correct. This error, however, was harmless because subsection 7121(g) bars Egan's board appeal.