Juan **RODRIGUEZ, Jr.,** Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD,** Respondent.

Appeal No. 86–1099.

United States Court of Appeals, Federal Circuit.

Nov. 6, 1986.

Juan Rodriguez, Jr., pro se.

Llewellyn M. Fischer, Acting Gen. Counsel, Mary L. Jennings, Associate Gen. Counsel for Litigation, Marsha E. Mouyal, Reviewer for Litigation and Stephanie M. Conley, Merit Systems Protection Board, Washington, D.C., for respondent.

Before DAVIS, NEWMAN, and BISSELL, Circuit Judges.

BISSELL, Circuit Judge.

Juan Rodriguez, Jr. (Rodriguez) appeals from the final decision of the Merit Systems Protection Board (Board), Docket No. DA04328510528, dismissing his appeal to the Board for lack of jurisdiction. We affirm.

## BACKGROUND

The Department of the Air Force (agency) removed Rodriguez from his position as a contract price analyst for unsatisfactory performance under 5 U.S.C. § 4303. Rodriguez timely elected and filed under the agency's negotiated grievance procedure a grievance challenging his removal. The arbitrator rejected the grievance as untimely filed at the third step, the arbitration level. Rodriguez appealed his removal to the Board and requested that the Board waive the deadline for filing an appeal of his removal to the Board.

In the initial decision, the presiding official determined that Rodriguez was barred by 5 U.S.C. § 7121(e)(1) from appealing his action to the Board because he had timely filed a grievance under the agency's negotiated grievance procedure. Accordingly, the presiding official dismissed the appeal.

In the absence of jurisdiction, the presiding official made no findings as to the timeliness of petitioner's appeal.

Since the full Board denied Rodriguez's petition for review, the initial decision became the final decision of the Board and is now before this court for review.

## ISSUES

1. Whether the Board properly determined that it lacked jurisdiction over a Chapter 43 appeal previously grieved under the agency's negotiated grievance procedure.

2. Does the Board have jurisdiction to review an arbitrator's final decision?

## OPINION

This court has jurisdiction under 28 U.S.C. § 1295(a)(9) to hear an appeal of the Board's final decision pursuant to 5 U.S.C. § 7703(b)(1). The court may reverse the Board only if its decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

### I

■ Section 7121(e)(1) of Title 5, United States Code, permits an employee to challenge an adverse agency action. This statute provides:

Matters covered under [Chapter 43] ... which also fall within the coverage of the negotiated grievance procedure may, in the discretion of the aggrieved employee, be raised either under the appellate procedures of section 7701 ... or under the negotiated grievance procedure, *but not both.... An employee shall be deemed to have exercised his option* under this subsection to raise a matter either under the applicable appellate procedures or *under the negotiated grievance procedure at such time as the employee* timely files a notice of appeal under the applicable appellate procedures or *timely files*

*a grievance in writing in accordance with the provisions of the parties' negotiated grievance procedure,* whichever event occurs first.

5 U.S.C. § 7121(e)(1) (emphasis added).

Aggrieved employees have the choice of two paths to challenge the agency's adverse action under section 7121(e)(1). However, the aggrieved employee is limited to one and only one path. Once a timely filing is made to pursue a path, the other is forever waived. *Whitaker v. Merit Systems Protection Board,* 784 F.2d 1109 (Fed.Cir.1986); *cf. Duncan v. Merit Systems Protection Board,* 795 F.2d 1000 (Fed.Cir.1986) (arbitrator had no jurisdiction to hear appeal because of the prior appeal to the Board). Since the elected path did not lead to arbitration, Rodriguez has no arbitrator's award on the merits from which to appeal. Consequently, he is foreclosed from an initial appeal to the Board on the merits of the adverse action. *See Billops v. Department of Air Force, Little Rock Air Force Base,* 725 F.2d 1160, 1162 (8th Cir.1984); *cf. Duncan,* 795 F.2d 1000.

### II

Rodriguez does not contest the above interpretation of section 7121(e)(1). Rather, he contends that the Board should invoke jurisdiction to hear his case on the merits or in the alternative, should review the arbitrator's decision to dismiss the grievance. Rodriguez bases both of these contentions on the agency's alleged reprisal against him for union activities.

■ Rodriguez's contentions that the Board should invoke jurisdiction are meritless. As to the first contention, it is axiomatic that once an election is made, a decision on the merits is not guaranteed. In addition, the Board does not have appellate jurisdiction to consider allegations of employer reprisals against employees for union activities or other prohibited personnel practices in the absence of an otherwise appealable action. *See Saunders v. Merit Systems Protection Board,* 757 F.2d 1288, 1290 (Fed.Cir.1985); 5 U.S.C. § 2302(b).

Rodriguez does not and can not present an otherwise appealable action because as concluded above, the Board has no jurisdiction over his Chapter 43 appeal which he previously grieved through the negotiated grievance procedure. Even if prohibited personnel practices were appealable and even if Rodriguez did not receive a decision on the merits, the Board cannot ignore the glaring statutory prohibition against the election of more than one forum to appeal a Chapter 43 removal.

Rodriguez's contention that the Board should review the arbitrator's decision is unsupported by statutory law. As interpreted by the Board, 5 U.S.C. § 7121(d) provides that the Board may review an arbitrator's final decision in "mixed cases," 29 C.F.R. § 1613.402, only if a section 2302(b)(1) discrimination, *e.g.*, race, color, religion, sex, national origin, age, handicap, marital status, or political affiliation, allegation is made which could have been initially appealed to the Board pursuant to section 7702. *See Ogden Air Logistics Center and American Federation of Government Employees, Local 1592*, 6 MSPB 531, 532 (1981).

The record contains no evidence that Rodriguez ever alleged that the prohibited discrimination covered by section 7702 was a basis for his removal action. Thus, in this case the Board lacks jurisdiction to review the arbitrator's decision.

### III

Accordingly, having concluded that the Board lacks jurisdiction to review a Chapter 43 appeal previously grieved under a negotiated grievance procedure and that the Board lacks jurisdiction to review an arbitrator's decision dismissing the grievance when no discrimination covered by section 7702(a)(1)(B) has been alleged during the grievance procedure, the Board properly dismissed Rodriguez's Chapter 43 appeal for lack of jurisdiction.

AFFIRMED.