**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN T. WEBSTER,
              Appellant,

       v.

DEPARTMENT OF VETERANS
   AFFAIRS,
              Agency.

DOCKET NUMBER
CH-0752-14-0268-I-1

DATE: September 5, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

John T. Webster, Glenwood, Illinois, pro se.

Timothy B. Morgan, Esquire, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2        In a letter dated January 7, 2014, the agency notified the appellant that he would be removed from his position of Housekeeping Aid, WG-02, effective January 10, 2014.  Initial Appeal File (IAF), Tab 1 at 7-9.  The decision letter gave the appellant several options to appeal the agency's decision and stated that he would "be deemed to have exercised his choice of appeal procedure" when he exercised one of the options.  *Id*. at 9.  On February 3, 2014, the appellant filed a timely appeal to the Board to contest his removal.  *Id.* at 1.  He indicated in his appeal that a grievance was filed on his behalf on January 31, 2014, regarding the personnel action or decision that he was appealing.  *Id*. at 3.  He also attached a copy of his grievance form, which contained the signature of his union representative.  *Id*. at 11.

¶3        The administrative judge notified the appellant that the Board might not have jurisdiction because the record appeared to demonstrate that he had elected to pursue his claims through the negotiated grievance procedure.  IAF, Tab 2 at 2.

The administrative judge ordered the appellant to produce evidence and argument to prove that the Board had jurisdiction over his appeal. *Id.*

¶4        In response to the administrative judge's order, the appellant argued that his union's representation was inadequate.  IAF, Tab 4 at 1.  Additionally, he attached a letter dated February 12, 2013, addressed to his union representative, in which he informed her that he had "enough reasonable doubt and lack of trust" in the union's services and representation and that he wanted his "removal decision grievance" withdrawn due to the union's "past gross negligence, willful, and unwillful [sic] misrepresentation."  *Id.* at 3.  The agency filed a motion to dismiss for lack of jurisdiction, in which it argued that the appellant elected to file a grievance in response to the agency's removal decision.  IAF, Tab 6 at 2, 5.  On March 31, 2014, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 11, Initial Decision (ID).

¶5        The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1.  In his petition, he argues that he was denied his right to a hearing and to call witnesses and that he did not receive responses to his discovery request.[2]  *Id.* at 3.  In addition, he states that, although he filed a grievance of his removal, he withdrew the grievance in a timely manner and therefore "MSPB and the Administrative Judge [are] the only ones fit in respect to the statute to hold a hearing on this case."  *Id.* at 7.  The agency has responded to the petition for review.  PFR File, Tab 4 at 5.

---

[2] Because we are affirming the administrative judge's decision to dismiss this appeal for lack of jurisdiction and there is no factual dispute as to the appellant's previous election of the negotiated grievance procedure, we need not address his arguments concerning discovery.  *See McKnight v. Department of Defense*, 103 M.S.P.R. 255, ¶ 13, n.*(2006), *aff'd*, 227 F. App'x 913 (Fed. Cir. 2007) (declining to address an appellant's arguments regarding discovery and production of the agency file in light of a dismissal for lack of jurisdiction).

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶6    The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  The appellant bears the burden of proving Board jurisdiction over his appeal by preponderant evidence.  5 C.F.R. § 1201.56(a)(2)(i).  If the appellant makes a nonfrivolous allegation of fact that, if proven, would establish the Board's jurisdiction, then he is entitled to a hearing at which he must prove jurisdiction. *Kim v. Department of the Army*, 119 M.S.P.R. 429, ¶ 6 (2013).

¶7    Pursuant to 5 U.S.C. § 7121(e)(1), matters covered under sections 4303 and 7512 of Title 5, which also fall within the coverage of the negotiated grievance procedure may, be raised, at the discretion of the aggrieved employee, either under the appellate procedures of section 7701 of Title 5 or under the negotiated grievance procedure but not both.  *Kendrick v. Department of Veterans Affairs*, 74 M.S.P.R. 178, 181 (1997).  When an employee has the option of either filing an appeal under the procedures of section 7701 or under the negotiated grievance procedure, the Board considers the choice between these procedures to have been made when the employee timely files an appeal with the Board or timely files a written grievance, whichever event occurs first.  *Id*.; *Jones v. Department of Justice*, 53 M.S.P.R. 117, 120 (1992), *aff'd*, 983 F.2d 1088 (Fed. Cir. 1993) (Table); 5 C.F.R. § 1201.3(c)(2).  Once a timely filing is made to pursue a path, the other is forever waived. *Rodriguez v. Merit Systems Protection Board*, 804 F.2d 673, 675 (Fed. Cir. 1986).  An agency must notify the employee of his options under 5 U.S.C. § 7121(e)(1) for his choice to be deemed a valid, informed election. *Miyai v. Department of Transportation*, 32 M.S.P.R. 15, 20 (1986); *see Atanus v. Merit Systems Protection Board*, 434 F.3d 1324, 1327 (Fed. Cir. 2006) ("In order to comply with [5 U.S.C. § 7121(e)(1)], the agency must properly inform an employee of [his] choices.").

¶8      Here, the appellant does not dispute that he was properly informed of his appeal rights and the consequences of exercising one of those options. The appellant received a decision letter, which provided him with several options to appeal the agency's decision to remove him, including his rights to appeal to the Board or under the negotiated grievance procedures.[3] IAF, Tab 1 at 7-9. Additionally, the letter stated that the appellant would be deemed to have exercised his choice of appeal procedure if and when he filed a timely appeal as described in the letter. *Id.* at 9. We therefore find that the appellant's election to file a grievance was informed.

¶9      Likewise, we find that the election was valid. Pursuant to 5 U.S.C. § 7121(b)(1)(C)(i)-(ii), the exclusive representative and the bargaining unit employee have independent rights to file grievances over matters within the scope of the grievance procedure. *Kendrick*, 74 M.S.P.R. at 181. Therefore, the mere fact that a grievance has been filed regarding an action otherwise appealable to the Board does not remove that action from the Board's jurisdiction due to the employee's "election" of the grievance procedure over the Board's appellate procedures. *Id.* Rather, to be outside of the Board's jurisdiction, it must be shown that the employee either filed the grievance on his own behalf or authorized the union to file on his behalf. *Id.* If it is shown that the union filed without the explicit or implicit authorization of the employee, then the employee has not made an election of the grievance procedure, and the matter remains within the Board's jurisdiction. *Id.*

¶10     Here, when the appellant filed his appeal with the Board, he indicated that a grievance had been filed on his behalf; however, the record was not explicitly clear as to who authorized the filing of the grievance because the grievance form

---

[3] The decision letter stated that the appellant could elect his appeal procedure "not more than once," rather than properly stating he could only elect "one" procedure. IAF, Tab 1 at 9. However, neither party has claimed that this language caused the appellant any confusion.

was signed by the union representative but not by the appellant.  IAF, Tab 1 at 3, 11.  In order to show the appeal was within the Board's jurisdiction despite the filing of the grievance, the appellant would need to show he did not explicitly authorize the union to file on his behalf and that he had no knowledge of the union's filing or that he affirmatively disavowed the grievance filed by the union as not being his election of forum.  *Kendrick*, 74 M.S.P.R. at 182-83.

¶11     On petition for review, the appellant acknowledges that he authorized the filing of the grievance.  PFR File, Tab 1 at 7.  Although he requested that his union representative withdraw the grievance, the request did not come until 12 days after the grievance and was in response to the appellant's assertion of the union's poor representation and his dislike of police escorts to and from the union office and not because he did not initially authorize the filing of the grievance.  IAF, Tab 4 at 3.  Therefore, we find that the appellant failed to prove by preponderant evidence that he did not explicitly or implicitly authorize the union to file a grievance prior to filing his Board appeal.

¶12     The appellant also argues that, although a grievance was filed to appeal the removal decision, he withdrew the grievance in a timely manner before an adjudicator was assigned.  PFR File, Tab 1 at 7.  However, regardless of his timing, the appellant's subsequent efforts to withdraw his grievance do not affect the validity of the election under 5 U.S.C. § 7121(e)(1).  *Jones*, 53 M.S.P.R. at 120; *see Atanus*, 434 F.3d at 1326-28 (explaining that the election of filing a grievance before appealing to the Board constitutes a permanent waiver to appeal to the Board, regardless of the timing of the change in the grievance election).  There is no dispute that his grievance was filed on January 31, 2014, which was before the filing of the appeal to the Board on February 3, 2014.  IAF, Tab 1 at 3, 11.  Therefore, because the appellant filed his grievance prior to filing his Board appeal, we affirm the administrative judge's dismissal of the appeal for lack of jurisdiction.  Further, we find that the administrative judge did not err in finding

that the appellant failed to make the requisite nonfrivolous allegations to merit a jurisdictional hearing.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for

Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                              _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.