# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DIETER STUSSY,
               Appellant,

     v.

DEPARTMENT OF THE TREASURY,
             Agency.

DOCKET NUMBER
SF-1221-14-0068-W-1

DATE: June 23, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dieter Stussy, Los Angeles, California, pro se.

Mikel C. Deimler, Esquire, San Francisco, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  Except as expressly MODIFIED by this Final Order to (1) dismiss as untimely the appellant's IRA claims that he exhausted with the Office of Special Counsel (OSC) in 1997 and 1998; and (2) change the grounds for finding that the Board lacks jurisdiction over the appellant's claims that his resignation was involuntary, we AFFIRM the initial decision.

## BACKGROUND

¶2      More than 19 years after resigning from employment with the agency, the appellant, a former Tax Technician, filed an IRA appeal with the Board.  Initial Appeal File (IAF), Tab 2 at 1-4, 7-40 (the appellant's IRA appeal), Tab 16 at 6 (reflecting that the appellant was employed as a Tax Technician and resigned).  With his appeal form, the appellant submitted a copy of a Form OSC-12, dated June 15, 2013, and a close-out letter from OSC's Disclosure Unit, dated August 28, 2013.  IAF, Tab 2 at 19-20, 23-30.

¶3      In the Form OSC-12, the appellant raised allegations of error by an administrative judge and misconduct by counsel for the Office of Personnel Management (OPM) in a disability retirement appeal that he filed with the Board

in 2012.[2]  IAF, Tab 2 at 27; *see Stussy v. Office of Personnel Management*, MSPB Docket No. SF-844E-13-0168-I-1, Initial Decision at 3 (Mar. 13, 2013) (0168-I-1 ID).  The appellant also asserted that his complaint was related to two prior complaints that he filed with OSC's Complaints Examining Unit at least 15 years earlier (OSC File Nos. MA-98-0055 and MA-98-0314).  IAF, Tab 2 at 27, Tab 10 at 17, Tab 19 at 169.  According to the appellant, these prior OSC complaints related to a conspiracy to remove him from service with the agency in 1993.  IAF, Tab 2 at 27; *see* IAF, Tab 19 at 216, 218.  The agency and the appellant entered into a global settlement agreement in 1994, regarding this removal, pursuant to which the agency agreed to rescind the removal action and he agreed to resign from employment with the agency.  IAF, Tab 19 at 216-17.

¶4      The appellant's IRA appeal was assigned to the same administrative judge that adjudicated his disability retirement appeal.  *See* IAF, Tab 3 at 8; *see also* 0168-I-1 ID at 1.  The administrative judge issued an order advising the appellant of the elements and burdens of proof for establishing Board jurisdiction over an IRA appeal, and ordered him to submit evidence and argument demonstrating jurisdiction.  IAF, Tab 4.

¶5      After the appellant responded, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without holding the requested hearing.  IAF, Tab 2 at 1, Tab 10, Tab 20, Initial Decision (ID).

---

[2] For the first time on review, the appellant requests that the present IRA appeal be joined with his disability retirement appeal.  Petition for Review (PFR) File, Tab 1 at 8-9, Tab 4 at 7.  However, the appellant's disability retirement appeal is not currently before the Board.  *See Stussy v. Office of Personnel Management*, MSPB Docket No. SF-844E-13-0168-I-1, Final Order (May 7, 2014).  Accordingly, we DENY his motion to join his appeals.  *See* 5 C.F.R. § 1201.36(a)(2), (b)(1) (multiple appeals filed by one person may be joined for consideration if doing so would expedite processing); *see also Schoening v. Department of Transportation*, 34 M.S.P.R. 556, 561 (1987) (declining to join an appeal with a disability retirement application pending before OPM).

¶6     The appellant has filed a timely petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response to the petition for review, and the appellant has filed a reply.  PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant failed to prove that he exhausted his OSC remedy regarding his claim concerning the processing of his disability retirement appeal.</u>

¶7     On review, the appellant argues that the administrative judge erred in finding that the Board lacked jurisdiction over his IRA appeal.  PFR File, Tab 1 at 7-8, Tab 4 at 5.  As discussed below, we agree with the administrative judge that the Board lacks jurisdiction over the appellant's claims regarding alleged actions taken by the administrative judge and counsel for OPM in his disability retirement appeal.

¶8     The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  As to the exhaustion requirement, the Board may only consider those disclosures of information and personnel actions that the appellant raised before OSC.  *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1036-37 (Fed. Cir. 1993); *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶¶ 14, 18 (2004).  The appellant bears the burden of demonstrating by preponderant evidence that he sought corrective action from OSC and exhausted his administrative remedies there.  *Briley v. National Archives & Records Administration*, 236 F.3d 1373, 1377 (Fed. Cir. 2001); 5 C.F.R. § 1201.57(c)(1).

¶9           We agree with the administrative judge that the appellant failed to meet his burden to prove he exhausted his administrative remedies concerning the conduct of the administrative judge and counsel for OPM in his disability retirement appeal.[3] *See* ID at 9-10. The appellant solely raised these allegations to OSC's Disclosure Unit on a Form OSC-12. IAF, Tab 1 at 23-30. Unlike OSC's Complaints Examining Unit, the Disclosure Unit does not review allegations of prohibited personnel practices, and making a disclosure to the Disclosure Unit does not satisfy the exhaustion requirement under 5 U.S.C. § 1214(a)(3). *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 16 (2011); *Sabbagh v. Department of the Army*, 110 M.S.P.R. 13, ¶¶ 10-15 (2008). Accordingly, the administrative judge properly dismissed the appellant's whistleblower claims concerning his disability retirement appeal for lack of jurisdiction.

The appellant's IRA claims related to the 1993 rescinded removal are untimely.

¶10         The appellant argues that the administrative judge should have considered the allegations that he raised in his prior complaints filed with OSC's Complaints Examining Unit in 1997 and 1998 (OSC File Nos. MA-98-0055 and MA-98-0314), because they were referenced in his June 2013 complaint filed with OSC's Disclosure Unit. PFR File, Tab 1 at 8; IAF, Tab 10 at 14. The administrative judge did not address these allegations.[4] *See* ID at 3, 8-10. Therefore, we MODIFY the initial decision to find that the appellant's claims regarding his 1993 removal from service (which action was rescinded pursuant to a settlement) should have been dismissed as untimely.

---

[3] Because the appellant failed to prove that he exhausted his administrative remedies with OSC, we need not address the remaining jurisdictional requirements for his IRA appeal, including whether the alleged actions by the administrative judge and counsel for OPM constitute "personnel actions" under 5 U.S.C. § 2302(a)(2)(A). *See Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 10 (2014) (observing that exhaustion of administrative remedies before OSC is a jurisdictional prerequisite to raising an IRA appeal before the Board).

[4] Instead, he merely noted that the appellant's prior OSC complaints were referenced in his June 15, 2013 submission to OSC's Disclosure Unit. ID at 9.

¶11     Under 5 U.S.C. § 1214(a)(3)(A)(ii), an appellant may file an IRA appeal with the Board once OSC closes its investigation into his complaint and no more than 60 days have elapsed since notification of the closure was provided to him. 5 U.S.C. § 1214(a)(3)(A)(ii); *Coufal*, 98 M.S.P.R. 31, ¶ 31. Under the Board's regulations implementing that statutory time limit, an IRA appeal must be filed no later than 65 days after the date that OSC issues its closure letter, or, if the letter is received more than 5 days after its issuance, within 60 days of the date of receipt. 5 C.F.R. § 1209.5(a)(1). The appellant bears the burden of proving that his appeal was timely filed. 5 C.F.R. § 1201.57(c)(2).

¶12     Here, on November 25, 1997, OSC issued a letter notifying the appellant that it was terminating its investigation regarding OSC File No. MA-98-0055. IAF, Tab 10 at 17. On September 29, 1998, OSC issued a letter notifying the appellant that it was terminating its investigation regarding OSC File No. MA-98-0314. IAF, Tab 19 at 169. The appellant has not alleged that he did not receive these letters within 5 days of their issuance. *See* IAF, Tabs 2, 6-7, 10, 17, 19; *see also* PFR File, Tabs 1, 4. Accordingly, the appellant's claims regarding the rescinded 1993 removal are untimely by approximately 15 years.[5]

---

[5] One of OSC's two close-out letters did not include notice of the appellant's right to appeal to the Board. *Compare* IAF, Tab 10 at 17 (November 25, 1997 letter without notice of appeal rights), *with* IAF, Tab 19 at 169 (September 29, 1998 letter containing notice of appeal rights). However, the deadline for filing an IRA appeal cannot be waived for good cause shown, even if an appellant did not receive notice of appeal rights. *See Bauer v. Department of the Army*, 88 M.S.P.R. 352, ¶¶ 7-8 (2001); *see also Wood v. Department of the Air Force*, 54 M.S.P.R. 587, 592 (1992) (the time limit for filing an IRA appeal cannot be waived for good cause shown); *Machulas v. Merit Systems Protection Board*, No. 99-3017, 1999 WL 128874 (Fed. Cir. Mar. 5, 1999) (per curiam) (agreeing with the Board that, even though OSC failed to provide Board appeal rights, the statutory language unambiguously did not permit waiver of the filing deadline for good cause). The only requirement for triggering the 60-day time limit for filing an IRA appeal in the Whistleblower Protection Act (WPA) is OSC's notification that it has terminated its investigation. 5 U.S.C. § 1214(a)(3)(A)(ii); *Bauer*, 88 M.S.P.R. 352, ¶ 7. The WPA does not make any provision for the acceptance of late filings. *See Bauer*, 88 M.S.P.R. 352, ¶ 8. These rules regarding filing deadlines for IRA appeals did not change under the Whistleblower Protection Enhancement Act of 2012 (WPEA), Pub. L. No. 112-199, 126 Stat. 1465.

¶13     To the extent that the appellant contends that he reopened his prior OSC complaints by referencing them in the Form OSC-12 that he submitted to OSC's Disclosure Unit, we disagree. The August 28, 2013 close-out letter from OSC's Disclosure Unit did not indicate that OSC was reopening the appellant's prior complaints, but instead, merely advised him that OSC would take no further action regarding the allegations set forth in his Form OSC-12. IAF, Tab 2 at 19.

The Board lacks jurisdiction to consider the appellant's claim that his resignation was involuntary.

¶14     On review, as he did below, the appellant argues that his resignation was involuntary because the 1994 settlement agreement was invalid.[6] PFR File, Tab 1 at 7, Tab 4 at 5-7; *see* IAF, Tab 10 at 11-12, Tab 19 at 13-17 (the appellant's arguments below). The administrative judge found that the appellant failed to raise a nonfrivolous allegation that his resignation was involuntary. ID at 5-8. Because the appellant made an informed election to challenge his removal through a negotiated grievance procedure, we find that the Board lacks jurisdiction to consider his claim that his resignation pursuant to a settlement of that grievance was involuntary. *See* IAF, Tab 19 at 216-17 (the settlement agreement resolving the appellant's grievance); *see also id*. at 218-19 (a portion

---

In addition, assuming without finding that the doctrine of equitable tolling is available in appropriate circumstances to excuse an untimely filed IRA appeal, we find that the appellant here has alleged no facts that would bring him within the doctrine of equitable tolling. *See Alexander v. Merit Systems Protection Board*, No. 2014-3215, 2015 WL 1769622, at *2 (Fed. Cir. Apr. 20, 2015) (per curiam) (although "the time limit for filing an IRA appeal cannot be waived for good cause," the Board may inquire as to whether equitable tolling may excuse an untimely filed IRA appeal) (citing *Pacilli v. Merit Systems Protection Board*, 404 F. App'x 466, 469 (Fed. Cir. 2010) (per curiam)); *see also Wood*, 54 M.S.P.R. at 591-93 (finding no circumstances to suggest that equitable tolling, even if it could be applied, warranted a waiver of the filing deadline). Consequently, the lack of notice in one of OSC's close out letters does not change our finding regarding the timeliness issue.

[6] The settlement agreement provided that the appellant "waive[d] any and all appeal rights in any forum whatsoever regarding the resignation" and also waived all remedies for "any matters arising out of [his] employment with the [a]gency." IAF, Tab 19 at 216.

of the notice letter informing the appellant that he could appeal his removal through either a grievance or a Board appeal, but not both); 5 U.S.C. § 7121(e)(1) (requiring election between a grievance or Board appeal in a chapter 75 adverse action appeal); *Atanus v. Merit Systems Protection Board*, 434 F.3d 1324, 1326-27 (Fed. Cir. 2006) (the Board lacked jurisdiction over an appellant's removal where she made an informed election to grieve her removal prior to filing her Board appeal).  We MODIFY the initial decision accordingly.

¶15     Furthermore, to the extent that the appellant is seeking to repudiate the 1994 grievance settlement agreement, we agree with the administrative judge that the Board has no authority to invalidate a settlement agreement reached in another forum that has not been entered into the record of a Board appeal for enforcement purposes.  *See* ID at 5; *see also Johnson v. U.S. Postal Service*, 108 M.S.P.R. 502, ¶ 8 n.5 (2008) (the Board has no authority to enforce or invalidate a settlement agreement reached in another forum), *aff'd*, 315 F. App'x 274 (Fed. Cir. 2009); *Wobschall v. Department of the Air Force*, 43 M.S.P.R. 521, 523 (the Board lacked jurisdiction to enforce a settlement agreement reached during a negotiated grievance procedure that was not entered into the record for enforcement purposes), *aff'd*, 918 F.2d 187 (Fed. Cir. 1990) (Table).

The appellant has waived his request that the administrative judge withdraw from the case, and failed to establish that the administrative judge was biased or harassed him.

¶16     On review, the appellant argues that the administrative judge should have withdrawn from the appeal.  PFR File, Tab 1 at 4-5, Tab 4 at 5.  During the course of proceedings below, the appellant filed a motion requesting that the administrative judge recuse himself on the grounds that he allegedly had a conflict of interest and was biased.  IAF, Tab 6 at 4-5.  The administrative judge denied the motion.  IAF, Tab 8 at 1.  The appellant did not request certification of the issue to the Board as an interlocutory appeal, and accordingly, he is

considered to have waived his request for withdrawal.[7]  *See Boechler v. Department of the Interior*, 109 M.S.P.R. 638, ¶ 14 (2008) (an appellant waived his request for withdrawal of the administrative judge where he did not request certification of the issue to the Board as an interlocutory appeal after his motion was denied), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009); *see also* 5 C.F.R. § 1201.42(c).

¶17      On review, the appellant also argues that the administrative judge was biased and harassed him.  PFR File, Tab 1 at 5-7, Tab 4 at 7.  The appellant's claims of bias appear to be based on the administrative judge's rulings both in this appeal and in his prior disability retirement appeal.[8]  PFR File, Tab 1 at 5-7, Tab 4 at 7.  We find that the appellant's allegations regarding the administrative judge's case-related rulings are insufficient to overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *See Vaughn v. Department of the Treasury*, 119 M.S.P.R. 605, ¶ 18 (2013) (the Board will not infer bias based on an administrative judge's case-related rulings); *see also Caracciolo v. Department of the Treasury*, 105 M.S.P.R. 663, ¶ 14 (2007) (an appellant's disagreement with an administrative judge's rulings in an earlier appeal was insufficient to establish bias); *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980) (in making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators).

---

[7] The appellant's assertion that he was pro se and was unaware that he needed to request certification of the issue for interlocutory review does not alter his waiver.  *See* PFR File, Tab 1 at 5; *see also Morrison v. Department of the Army*, 77 M.S.P.R. 655, 659 n.4 (1998) (while pro se appellants are not expected to proceed with the precision of an attorney in a judicial proceeding, they may not escape the consequences of inadequate representation).

[8] In particular, the sole basis for the appellant's claims of harassment appears to be that the administrative judge afforded him multiple opportunities to establish that the Board had jurisdiction over his appeal and that it was timely filed.  PFR File, Tab 1 at 5-6; *see also* IAF, Tabs 4, 8, 18.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.