NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JASON ANTOINE BROCK,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF TRANSPORTATION,**
*Intervenor*

---

2021-1000

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-20-0542-I-1.

---

Decided:  December 14, 2021

---

JASON ANTOINE BROCK, Nashville, TN, pro se.

JEFFREY GAUGER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent.  Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

RAFIQUE OMAR ANDERSON, Commercial Litigation

Branch, Civil Division, United States Department of Justice, Washington, DC, for intervenor.  Also represented by BRIAN M. BOYNTON, DEBORAH ANN BYNUM, ROBERT EDWARD KIRSCHMAN, JR.

————————————

Before DYK, REYNA, and STOLL, *Circuit Judges.*

PER CURIAM.

The Federal Aviation Administration (FAA) removed Jason Brock from his position as an Air Transportation Systems Specialist based on two specifications for insubordination.  Mr. Brock appealed the removal decision under the FAA's Guaranteed Fair Treatment (GFT) appeal process—an appeal process unique to FAA personnel actions—but later withdrew his appeal due to timing issues related to the selection of arbitrators.  On the same day he withdrew from the GFT appeal process, Mr. Brock appealed the removal decision to the Merit Systems Protection Board.  The Board dismissed Mr. Brock's appeal for lack of jurisdiction because, in the Board's view, 49 U.S.C. § 40122(i) prohibits Mr. Brock from appealing his removal decision in more than one forum.  On appeal, Mr. Brock argues that his choice to proceed with the GFT appeal was not knowing and informed and, therefore, the Board should not have dismissed his appeal for lack of jurisdiction.  For the reasons below, we agree with Mr. Brock and therefore reverse the Board's dismissal for lack of jurisdiction and remand for the Board to consider the merits of Mr. Brock's appeal.

BACKGROUND

I

The FAA has its own personnel management system and procedures for appealing adverse personnel actions. *See* 49 U.S.C. § 40122.  Section 40122 provides that FAA employees may contest adverse personnel actions (e.g., removal decisions) through the FAA's internal GFT appeal

process or by filing an appeal with the Board (among other options). *See* § 40122(g)(3), (h), (j). The statute further provides that "an employee must elect the forum through which the matter will be contested. Nothing in this section is intended to allow an employee to contest an action through more than one forum unless otherwise allowed by law." § 40122(i).

## II

Mr. Brock worked for the FAA as an Airway Transportation Specialist at the Nashville System Support Center. In April 2020, the FAA proposed Mr. Brock's removal based on two specifications of insubordination. The deciding official issued a final decision on May 14, 2020 upholding his removal, which became effective May 20, 2020.

In the removal notice, the deciding official informed Mr. Brock that, should he wish to dispute the removal decision, he could "file an appeal under the following procedures," including, as relevant here, proceeding with the FAA's GFT appeal procedure or appealing to the Merit Systems Protection Board ("Board" or "MSPB"). SAppx. 23.[1] According to the notice, he "may elect only one [] of these forums to challenge" the removal decision and "[e]lection is deemed to have been made based on which of the actions is filed first and in which forum." *Id.*

The removal notice also attached a copy of the FAA's Human Resources Policy Manual (FAA Manual), which sets forth the procedures for the GFT appeal. According to the FAA Manual, GFT appeals are heard by a "Tri-Party Panel" comprised of three arbitrators: one selected by management, one selected by the appellant, and one jointly selected by the parties. The FAA Manual specifies that the

---

[1]    "SAppx." refers to the Supplemental Appendix attached to the Respondent's brief.

Tri-Party Panel is selected by the parties "[w]ithin 10 days of the receipt of the appeal." SAppx. 30.

On May 18, 2020, Mr. Brock sent an e-mail to the FAA, electing to proceed with the GFT appeal process. SAppx. 37. A little over a week later, on May 26, 2020, Ms. Natalie Frazier—a labor and employee relations specialist at the FAA—reached out to Mr. Brock to inform him that the GFT arbitrator pool needed to be replenished and that the FAA was waiting on resumes for potential arbitrators to hear Mr. Brock's appeal. Mr. Brock responded to Ms. Frazier's e-mail on May 28, 2020 (ten days after he sent the FAA an e-mail electing the GFT appeal process), stating: "Since the Southern Region FAA GFT forum will not meet the timeframe to provide a designated pool of arbitrators, I have chose[n the] MSPB venue instead." SAppx. 44–45. Mr. Brock filed his appeal with the Board that same day. Ms. Frazier responded the next day (eleven days after Mr. Brock elected to proceed with the GFT appeal process, which was after the allotted time in the FAA Manual for selection of arbitrators), informing Mr. Brock that the resumes for potential arbitrators had been received and further stating: "If you intend to proceed with your GFT appeal, the arbitrator selection for your Tri-Party Panel can now commence. If however you have elected to file an appeal with the MSPB, as indicated in your email below, your GFT appeal will be closed." SAppx. 44. Mr. Brock responded the same day, asking Ms. Frazier to "please close the GFT appeal." *Id.*

### III

On July 27, 2020, the Department of Transportation (DOT) moved to dismiss Mr. Brock's MSPB appeal, arguing that the Board lacked jurisdiction because Mr. Brock first filed a GFT appeal, thus precluding his appeal before the Board. An Administrative Judge agreed with the DOT and, in an initial decision, dismissed Mr. Brock's appeal for lack of jurisdiction. *Brock v. Dep't of Transp.*, No. AT-0752-

20-0542-I-1, 2020 WL 4439058 (M.S.P.B. July 31, 2020). The Administrative Judge found it was "undisputed" that Mr. Brock elected and filed a GFT appeal prior to filing an appeal with the Board, and that his election of the GFT procedure "was both knowing and informed." SAppx. 5–6. The Administrative Judge further held that there is "no law, rule, or regulation providing for Board jurisdiction when an appellant abandons their elected forum." SAppx. 6. This initial decision became the final decision of the Board when Mr. Brock did not petition the full Board for review of the initial decision.

Mr. Brock appeals. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).[2]

## DISCUSSION

Our review in an appeal from a decision of the Board is limited. The Board's decision will be set aside if it is: "(1) arbitrary, capricious, an abuse of discretion, or

---

[2]     Respondent suggests we lack jurisdiction to hear Mr. Brock's appeal because it is a "mixed" case, "i.e., a case alleging an adverse action subject to MSPB jurisdiction taken, in whole or in part, because of unlawful discrimination or in retaliation for filing an EEO complaint." Resp. Br. 7 (citing 5 U.S.C. 7702(e); *Perry v. Merit Sys. Prot. Bd.*, 137 S. Ct. 1975, 1984–88 (2017)). We disagree. While Mr. Brock's appeal to the Board references alleged discrimination, SAppx. 51, Mr. Brock specifically informed this court in a Statement Concerning Discrimination under Federal Circuit Rule 15(c) that he did not raise a discrimination or EEO claim before the Board. *See* Fed. Cir. R. 15(c) Statement Concerning Discrimination, *Brock v. Dep't of Transp.*, No. 21-1000 (Fed. Cir. Oct. 1, 2020), ECF No. 3. We are satisfied with this representation and therefore do not consider Mr. Brock's appeal to be a mixed case depriving us of jurisdiction.

otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board has jurisdiction is a question of law that we review de novo. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

It is undisputed that Mr. Brock chose to proceed with the GFT appeal process, withdrew that appeal, and then filed an appeal with the Board. Mr. Brock argues, however, that his decision to proceed with the GFT appeal process was not knowing and informed and is therefore not binding. Pet. Br. 2. We agree.

The principle underlying the Board's dismissal is that Mr. Brock cannot proceed with an appeal before the Board because he first chose to proceed with the GFT appeal process. While we have not yet addressed this issue under the statutory scheme at issue in this case (§ 40122(i)), in analogous situations related to the Title 5 appeal process (5 U.S.C. § 7121), we have held that "[o]nce a timely filing is made to pursue a path [in one specified forum], the other is forever waived." *Rodriguez v. Merit Sys. Prot. Bd.*, 804 F.2d 673, 675 (Fed. Cir. 1986). We have cautioned, however, that "[i]n order to comply with the statute, the agency must properly inform an employee of [their] choices." *Atanus v. Merit Sys. Prot. Bd.*, 434 F.3d 1324, 1327 (Fed. Cir. 2006). The agency must "clearly express[] to [the employee] that [they] had two options, *and that one would exclude the other*." *Id.* (emphasis added). In the notice provided to the employee in *Atanus*, the agency stated in plain language that a "choice of one of the procedures excludes the use of the other." App'x to Resp. Br. at RA-24, *Atanus v. Merit Sys. Prot. Bd.*, No. 05-3123 (Fed. Cir. Aug. 11, 2005). That notice clearly informed the employee that proceeding with one choice "exclude[d] the use of the other." *Id.* Thus, we held that the employee's choice to file a grievance precluded a later appeal to the Board. *Atanus*, 434 F.3d at 1326–27.

Here, however, Mr. Brock's decision was not knowing and informed because the FAA failed to let him know that the GFT appeal option was non-functional. Mr. Brock only learned after he chose the arbitration path that the FAA lacked the necessary arbitrators for the proceeding. He promptly withdrew his request and filed a timely appeal with the Board. He had not started to arbitrate and no deadlines had passed. These facts distinguish Mr. Brock's case from situations such as that in *Rodriguez*, where the employee had elected a grievance procedure, prosecuted it through multiple steps, and then attempted to appeal the dismissal to the Board.

Additionally, we note that the statute itself is not clear for the circumstances Mr. Brock was facing. After stating that the employee "must elect the forum through which the matter will be contested," § 40122(i) concludes by stating that "[n]othing in this section is intended to allow an employee to contest an action through more than one forum *unless otherwise allowed by law*." *Id.* (emphasis added). This language differs from the statute in *Atanus* (5 U.S.C. § 7121(e)(1)), which states that an aggrieved employee may raise a matter by filing an appeal with the Board or the negotiated grievance procedure, "but not both." Thus, unlike the statute in *Atanus*, which specifically states that an employee may not choose to proceed in both forums, § 40122(i) leaves open the possibility that proceeding in both forums in the way that Mr. Brock did here (e.g., by withdrawing one before proceeding with the other) may be permissible.

Considering the notice Mr. Brock received, Mr. Brock's communications with FAA personnel, and the statutory language, we conclude that the Board's finding that Mr. Brock's decision to initiate the GFT appeal was knowing and informed is not supported by substantial evidence.

CONCLUSION

The Board erred in finding that Mr. Brock's decision to proceed with the GFT appeal was knowing and informed. We therefore reverse the Board's dismissal for lack of jurisdiction and remand for further proceedings.

**REVERSED AND REMANDED**

COSTS

No costs.