**Gloria MORALES, Petitioner,**

**v.**

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**Appeal No. 86-1660.**

United States Court of Appeals, Federal Circuit.

July 14, 1987.

Robert B. Weintraub, New York City, argued for petitioner. With him on the brief was Randolph E. Wills.

Anita Marshall, Merit Systems Protection Bd., Washington, D.C., argued for respondent. With her on the brief were Llewellyn M. Fischer, General Counsel, Mary L. Jennings, Associate General Counsel for Litigation, and Marsha E. Mouyal, Reviewer for Litigation.

Before BISSELL, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.

BISSELL, Circuit Judge.

Gloria Morales (Morales) appeals from the final decision of the Merit Systems Protection Board (Board), Docket Number NY07528610159, dismissing her appeal to the Board for lack of jurisdiction and from the opinion and order of the Board, 31 M.S.P.R. 167 (1986), denying her petition for review of the initial decision. We reverse and remand.

### BACKGROUND

Morales was removed from her position at the Department of Justice (agency) effective December 27, 1985. On January 4, 1986, the American Federation of Government Employees, Local 1917 (union), on behalf of Morales, sought arbitration of the

removal action. On January 10, 1986, Morales filed with the Board an appeal of the removal action. On her appeal form in response to question 23—"Have you or anyone on your behalf, filed a formal grievance ... concerning this matter?"—Morales checked "No" and added—"I do not know if the Union filed for arbitration. They have not been in contact with me. I have not been able to contact them since 12/26/85." The agency moved to dismiss Morales' appeal for lack of jurisdiction, asserting that when an employee has initially elected to utilize a negotiated grievance procedure, he or she may not appeal the matter to the Board. The agency argued that Morales was improperly attempting to obtain initial review in two separate forums. In response to the order directing her to show cause why her appeal to the Board should not be dismissed, Morales, acting pro se, stated that (1) she selected the Board for her appeal, (2) on January 3, 1986, she submitted a letter advising the union that she felt the union was violating her rights as an individual and employee of the Immigration and Naturalization Service, (3) the union had not answered her letter, and (4) she had not been served with a copy of the union's request for arbitration. *Respondent's Appendix* at 25.

In the initial decision, the presiding official determined that Morales was barred by 5 U.S.C. § 7121(e)(1) (1982) from appealing her action to the Board "in light of [her] prior election to file the grievance under a collective bargaining agreement." *Initial Decision* at 2. Morales filed with the Board a timely petition for review alleging the existence of new and material evidence, and unawareness of the fact that the union filed for arbitration on her behalf. After ruling against Morales on the new and material evidence contention, the Board concluded that the presiding official correctly determined that the Board had no jurisdiction of the appeal. It stated:

> Since [Morales], through her union representative, elected to utilize the negotiated grievance procedure pertaining to her

removal prior to filing an appeal to the Board, she is precluded from now pursuing an initial review with the Board. As for [Morales'] contention that she was never made aware of the fact that the union filed for arbitration on her behalf, the record reveals that [Morales], by letter to the union president dated January 3, 1986, †designated Local 1917 to represent [her] in any proceedings pending before the Immigration and Naturalization Service." ... [Morales] contention that she did not receive a copy of the union's January 4, letter, or the fact that there may have been a lack of communication between [Morales] and her designated representative has no material affect [sic] on the outcome of these proceedings.

31 M.S.P.R. at 169–70 (footnote omitted).[*]

Because the full Board denied Morales' petition for review, the initial decision became the final decision of the Board. The Board's final decision and its order and opinion denying review are now before this court for review.

### ISSUE

Whether the Board correctly determined that it had no jurisdiction over Morales' appeal because a grievance of her removal had been filed on her behalf by the union, even though she had no knowledge of the union's action.

### OPINION

This court has jurisdiction under 28 U.S.C. § 1295(a)(9) (1982) to hear an appeal of the Board's final decision pursuant to 5 U.S.C. § 7703(b)(1) (1982). The court may reverse the Board only if its decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1982).

---

[*] When read in context, the language quoted by the Board from Morales' January 3, 1986 letter indicates that she had previously designated the union as her representative, not, as the opinion suggests, that she made the designation on January 3, 1986.

Section 7121(e)(1) of Title 5, United States Code, permits an employee to challenge an adverse agency action. This statute provides:

Matters covered under [Chapter 75] ... which also fall within the coverage of the negotiated grievance procedure may, in the discretion of the aggrieved employee, be raised either under the appellate procedure of section 7701 ... or under the negotiated grievance procedure, but not both.... An employee shall be deemed to have exercised his option ... at such time as the employee timely files a notice of appeal ... or timely files a grievance ... whichever event occurs first.

5 U.S.C. § 7121(e)(1) (1982).

It is well settled that aggrieved federal employees have the choice of two paths to challenge the agency's adverse action under section 7121(e)(1) and once a timely filing is made to pursue one of those paths, the other is forever waived. *Rodriguez v. Merit Sys. Protection Bd.*, 804 F.2d 673, 675 (Fed.Cir.1986). Thus, if the grievance filed on January 4, 1986, on behalf of Morales by the union was valid, the Board lacked jurisdiction to entertain her appeal, and if it was not, the Board had jurisdiction of Morales' appeal filed with it on January 10, 1986.

 This is another somewhat unhappy tale of a federal employee being whipsawed between the Board and an arbitrator, all due to agency and union actions which evidence total disregard for the rights of the affected employee. *Cf. Duncan v. Merit Sys. Protection Bd.*, 795 F.2d 1000 (Fed.Cir.1986). From day one, Morales made clear, to both the presiding official and the Board, that *she elected an appeal to the Board.* On her initial appeal form she stated that she had not been able to contact the union and they had not contacted her. In her response to the order to show cause she stated that she had selected the Board for her appeal. In her petition for review she stated that she was unaware of the fact that the union had filed for her and that she had elected to file with the Board. Implicit in these statements are that (1) she knew that she had

an option, (2) she chose the path of filing an appeal, and (3) she did not request the union to file a grievance for her.

Although Morales did not force the Board to clearly focus on the reason why it had jurisdiction of her appeal and it is not disputed that she had designated the union as her authorized representative at some time prior to the date of the removal letter, that does not end the matter.

In the letter removing Morales from her position, the agency outlined her appeal rights as follows:

You have two procedures available for this purpose, but you may select only one of the procedures. Any or all of the reasons cited for appeal will be considered under either procedure.

(1) *You may request the Union to initiate arbitration* to contest this action, as provided in Article 31(J) of the contract dated September 21, 1984. *If the Union requests arbitration on your behalf, the Union may do so upon receipt of your request,* but they must do so within ten (10) workdays after the effective date of the action.

*Respondent's Appendix* at 19–20.

We interpret, and we certainly think that a pro se petitioner would interpret, the above notice as providing that the union could not institute a valid grievance on Morales' behalf unless she submitted a request to the union after she received the removal letter. Where, as in this case, the union elects arbitration on behalf of an employee, when the notice of appeal rights issued by the agency pursuant to regulation specifically mandates the employee's authorization prior to such election, we hold that the election is contrary to the regulation under which the notice is required. 5 C.F.R. § 752.404(f) (1985). In such circumstance, the union's election of arbitration is void unless it is subsequently ratified by the employee.

It thus follows that the Board was in error when it concluded that "the fact that there may have been a lack of communication between [Morales] and her designated representative has no material affect [sic] on the outcome of these proceedings." 31

M.S.P.R. at 170. The lack of any communication supports Morales' contention that she did nothing to authorize the union to file an arbitration proceeding on her behalf. There is no evidence that Morales requested the union to file an arbitration proceeding on her behalf; all the evidence is to the contrary. Morales did nothing which could be construed to constitute a waiver of her rights to appeal to the Board, and accordingly, the grievance was void and of no effect.

Thus, the finding of the presiding official "that in light of [Morales'] prior election to file the grievance under a collective bargaining agreement ... [Morales] was precluded from raising the issue[ ] of her removal ... with the Board," 31 M.S.P.R. at 168, is not supported by substantial evidence. The initial decision of the Board dismissing Morales' appeal for lack of jurisdiction is reversed and the appeal is remanded to the Board for a hearing on the merits.

**REVERSED AND REMANDED.**