937 F.2d 624
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Anthony M. KIPEN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 91-3077.
 United States Court of Appeals, Federal Circuit.
 June 17, 1991.
 
 Before NIES, Chief Judge, and RICH and PAULINE NEWMAN, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Anthony M. Kipen (Kipen) appeals from the June 13, 1990 Initial Decision of the Administrative Judge (AJ) in Docket No. AT04329010341, which became the final decision of the Merit Systems Protection Board (Board) when it denied review in its Order of October 10, 1990. We vacate the Board's Order and remand.
 
 OPINION
 
 2
 The AJ dismissed Kipen's appeal upon receipt of a Notice of Withdrawal of Appeal filed by Kipen's attorney, Courtney Johnson (Johnson), on June 13, 1990. In his timely-filed petition for review of the AJ's decision, Kipen asserted that Johnson acted without authorization in filing the Notice of Withdrawal, and that he (Kipen) never intended to withdraw the appeal. The Board denied the petition for review on the ground that it did not meet the criteria set forth at 5 CFR 1201.115.
 
 
 3
 Generally, a party is bound by the consequences of his representative's conduct, which includes both his acts and omissions. Rowe v. Merit Systems Protection Board, 802 F.2d 434, 437 (Fed.Cir.1986). Once an MSPB appeal has been withdrawn, the Board's policy is not to reinstate it in the absence of unusual circumstances such as misinformation or new and material evidence. Jackson v. Dep't of the Air Force, 45 MSPR 483, 484 (1990). In particular, the Board has refused to reinstate appeals where the appellant has failed to submit any evidence or argument in support of invalidating the prior withdrawal on any basis. See, e.g., Beasley v. Defense Logistics Agency, 38 MSPR 25, 28 (1988); Eads v. O.P.M., 36 MSPR 505, 507 (1988).
 
 
 4
 Having reviewed Kipen's petition for review, we conclude that Kipen submitted therein persuasive argument for invalidation of the withdrawal of his appeal, albeit not accompanied by supporting documentary evidence. However, the facts of record are themselves evidence which supports Kipen's position. These facts suggest that the withdrawal of Kipen's appeal was the unilateral act of an overextended attorney, not the authorized, informed decision of his client. For example, the Notice of Withdrawal of Appeal is not signed by Kipen. The Notice was filed on the morning of the day on which the AJ had scheduled the next conference call in the case. The AJ had previously denied attorney Johnson's request for a continuance, filed the day before the May 17, 1990 deadline for prehearing submissions. Moreover, the AJ stated in her report of a May 24, 1990 conference call with Johnson and the agency's representative that the parties had made no progress toward settlement, and that Kipen was "willing to consider nothing short of full relief." The AJ further stated that during the conference call Johnson "failed to adequately explain why he has been unable to submit the prehearing submissions which he has known were due since the end of March," and that Johnson was also without adequate justification for having failed to submit a witness list by the designated deadline.
 
 
 5
 Respondent argues that because it is undisputed that Kipen was represented by an attorney, he is bound by his attorney's action of withdrawing the appeal in his name. We cannot agree that that broad generality applies in every case, and certainly not in the present one. Cf. Morales v. Merit Systems Protection Baord, 823 F.2d 536 (Fed.Cir.1987). We hold that the facts of record, which support Kipen's argument, constitute sufficient evidence to rebut any presumption that Johnson had the express authority required to withdraw his client's appeal. We therefore vacate the Board's Order of October 10, 1990, and remand the case to the Board for reinstatement of the appeal.
 
 COSTS
 
 6
 No costs.
 
 
 7
 NIES, Chief Judge, dissenting in part.
 
 
 8
 I join the majority opinion except for the disposition stated in the last sentence. I would remand to the Board for the Board to determine whether or not the appeal should be reinstated.
 
 
 9
 Upon dismissal of his appeal by the Administrative Judge, Kipen sent a letter to the full Board in which he stated that his attorney acted without authorization in filing the Notice of Withdrawal. There is nothing that qualifies as "evidence," even as hearsay, to support Kipen's assertion on the point. Thus, in my view, a hearing is needed to determine the facts concerning the Notice of Withdrawal. I would remand to the Board with instructions that the Administrative Judge must provide Kipen with the opportunity for a hearing on the matter.