# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MONYNA Y. DORSEY,
              Appellant,

        v.

DEPARTMENT OF COMMERCE,
              Agency.

DOCKET NUMBER
DC-0752-14-0794-I-1

DATE: December 3, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Monyna Y. Dorsey</u>, Washington, D.C., pro se.

<u>Benjamin K. Ahlstrom</u>, <u>Sharyn Danch</u>, and <u>Laurie Wood</u>,
    Alexandria, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal of her 15-day suspension as settled. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and DISMISS the appeal for lack of jurisdiction.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2      By letter dated May 8, 2014, the agency notified the appellant that she would be suspended for 15 calendar days based on a charge of improper conduct. Initial Appeal File (IAF), Tab 6 at 37-42.   The decision letter informed the appellant that she could elect to pursue the matter by one of the following routes: filing a Board appeal, filing a grievance under the applicable collective bargaining agreement (CBA), filing a complaint with the equal employment opportunity office, or seeking corrective action with the Office of Special Counsel. *Id*. at 41.   The letter further advised the appellant that, if she elected to appeal to arbitration under the negotiated grievance procedure, the union had 20 workdays after the appellant's receipt of the letter to invoke arbitration.  *Id*. at 42. The letter was signed by the deciding official on May 12, 2014.  *Id*. at 37.   The appellant states, and the agency does not dispute, that she received the letter on May 13, 2014.  Petition for Review (PFR) File, Tab 1 at 4.  On June 11, 2014, the National Treasury Employees Union (NTEU) invoked arbitration on the appellant's behalf pursuant to her authorization.[2]  *Id*. at 25; PFR File, Tab 6.

¶3      On June 13, 2014, the appellant filed a timely appeal of her suspension. IAF, Tab 1.  During the prehearing conference, the parties reached a settlement of the appeal, and the administrative judge recorded the terms of the oral settlement agreement.  *See* Hearing Compact Disc (HCD).  Thereafter, the administrative judge dismissed the appeal as settled.  *Id*.; *see* IAF, Tab 19, Initial Decision (ID) at 1-2.

¶4      The appellant submitted a letter to the administrative judge 1 day prior to the initial decision becoming final "inform[ing] [him] that [she] would not be signing the settlement agreement made at the MSPB Pretrial Hearing[.]"

---

[2] The appellant was a member of a bargaining unit represented by the NTEU.  IAF, Tab 6 at 24.  Pursuant to the CBA, "if an employee elects to appeal an adverse action to arbitration, [the] NTEU must invoke arbitration within twenty (20) workdays of the employee's receipt of the [agency's] final decision."  *Id*. at 28.

PFR File, Tab 1 at 4. In her submission, the appellant alleged that the agency had provided her with inaccurate information concerning the timing of filing a grievance, and she asserted that her union had timely invoked arbitration several days before she filed her Board appeal. *Id.* The appellant argued that, because her union had timely invoked arbitration, the Board was "ineligible" to hear her appeal and that she would not sign the agreement. *Id.* The appellant's letter was forwarded to the Clerk of the Board for docketing as a petition for review. PFR File, Tab 2.

¶5     The agency has filed a response in opposition to the appellant's petition for review in which it maintains that the parties entered into a valid, binding oral settlement agreement during the prehearing conference before the administrative judge and that the appellant has failed to demonstrate that the settlement agreement should be set aside. PFR File, Tab 4 at 5-6. Although the appellant has not filed a reply in response to the agency's opposition, the NTEU has filed a motion for leave to file a reply and also has moved to permissively intervene pursuant to 5 C.F.R. § 1201.34. PFR File, Tabs 7, 9.

¶6     In its motion to intervene, the NTEU contends that it invoked arbitration over the appellant's 15-day suspension 2 days before the appellant filed her Board appeal and that it first learned of the settlement reached in the Board appeal when the agency provided it with a copy of a draft written settlement agreement purporting to withdraw the arbitration proceeding as part of the settlement of the appellant's Board appeal. PFR File, Tab 7 at 1. The NTEU thus seeks to intervene in this matter as a party of interest because the Board's decision could "impact the arbitration previously invoked by NTEU." *Id.* at 2. Based on our determination below that the Board lacks jurisdiction over the appellant's appeal because the appellant elected the negotiated grievance procedure, the NTEU's motion to intervene is denied.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7        Pursuant to 5 U.S.C. § 7121(e)(1), matters covered under sections 4303 and 7512 of title 5, which also fall within the coverage of the negotiated grievance procedure may be raised, at the discretion of the aggrieved employee, either under the appellate procedures of section 7701 of title 5 or under the negotiated grievance procedure, but not both. *Kendrick v. Department of Veterans Affairs*, 74 M.S.P.R. 178, 181 (1997). When an employee has the option of either filing an appeal under the procedures of section 7701 or under the negotiated grievance procedure, the Board considers the choice between these procedures to have been made when the employee timely files an appeal with the Board or timely files a written grievance, whichever event occurs first. *Id.*; *Jones v. Department of Justice*, 53 M.S.P.R. 117, 120 (1992), *aff'd*, 983 F.2d 1088 (Fed. Cir. 1993) (Table); 5 C.F.R. § 1201.3(c)(2). Once a timely filing is made to pursue a path, the other is forever waived. *Rodriguez v. Merit Systems Protection Board*, 804 F.2d 673, 675 (Fed. Cir. 1986). An agency must notify the employee of her options under 5 U.S.C. § 7121(e)(1) for her choice to be deemed a valid, informed election. *Miyai v. Department of Transportation*, 32 M.S.P.R. 15, 20 (1986); *see Atanus v. Merit Systems Protection Board*, 434 F.3d 1324, 1327 (Fed. Cir. 2006) ("In order to comply with [5 U.S.C. § 7121(e)(1)], the agency must properly inform an employee of [his] choices.").

¶8        Here, the appellant challenged her suspension through the negotiated grievance procedure prior to filing a Board appeal. IAF, Tab 1, Tab 6 at 25. The appellant's election of the negotiated grievance process was timely because the union invoked arbitration within 20 workdays of the appellant's receipt of the decision letter, consistent with the terms of the CBA.[3]  IAF, Tab 6 at 25, 91; PFR File, Tab 1 at 4.

---

[3] The agency alleged below that the appellant's election of the grievance procedure was untimely.  IAF, Tab 6 at 15.  On review, however, the agency concedes that it

¶9        Moreover, the appellant was properly informed of her appeal rights and the consequences of exercising one of those options.  The appellant received a decision letter, which provided her with several options to appeal the agency's decision to suspend her, including her rights to appeal to the Board or under the negotiated grievance procedures.  IAF, Tab 6 at 41-42.  Additionally, the letter stated that the appellant would be deemed to have exercised her choice of appeal procedure if and when she made a timely filing as described in the letter.  *Id*. at 41.  We therefore find that the appellant's election to file a grievance was informed.  *See Atanus*, 434 F.3d at 1327 (finding that the appellant made an informed election where the agency clearly notified her of her appeal options and that she only could pursue one option).

¶10       In addition, we find that the appellant authorized the union to invoke arbitration on her behalf.  *Cf. Morales v. Merit Systems Protection Board*, 823 F.2d 536, 538-39 (1987) (finding that the union's election of arbitration was void where there was "no evidence that [the appellant] requested the union to file an arbitration proceeding on her behalf").  The appellant indicated on her initial appeal form that a grievance challenging her 15-day suspension had not been filed by her or by anyone on her behalf.  IAF, Tab 1 at 4.  However, she acknowledged on review that this was not the case.  PFR File, Tabs 1, 6.  She stated that, after receiving the agency's decision letter, she had authorized the union to invoke arbitration on her behalf.  PFR File, Tab 6 at 4.  She alleged that she subsequently filed a Board appeal because she was unable to determine whether the union had invoked arbitration within the filing deadline.  *Id*.

---

miscalculated the timeliness of the election because it counted calendar days, rather than workdays, in its calculation.  PFR File, Tab 4 at 7.

¶11    Under these circumstances, we find that the appellant timely elected the negotiated grievance procedure.[4]   When she did so, her right to elect a Board appeal was forever waived.  We therefore vacate the initial decision dismissing the appeal as settled and instead dismiss the appeal for lack of jurisdiction.  *See Evans v. Selective Service System*, 91 M.S.P.R. 376, ¶ 6 n.3 (2002) (stating that, if the Board lacks jurisdiction over an appeal, it also would lack jurisdiction to review the terms of a settlement agreement).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

This Final Order constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[4] In its response to the appellant's petition for review, the agency claims that the appellant made a knowing election to file a Board appeal.  PFR File, Tab 4 at 6-9.  We find this argument unavailing.  The appellant avers, and the record supports, that she did not know that the union had timely invoked arbitration on her behalf given the agency's mistaken assertions during the proceeding below that the invocation was untimely.  IAF, Tab 7 at 15, 24; HCD; PFR File, Tab 1 at 4.  Indeed, during the prehearing conference in which the oral settlement agreement was reached, the appellant declared that she had no outstanding claims against the agency other than the present Board appeal.  HCD.  Under the circumstances, therefore, we find that the appellant did not make a knowing election to proceed before the Board.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.