**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SARAH P. EMANUELE,
    Appellant,

   v.

DEPARTMENT OF
TRANSPORTATION,
    Agency.

DOCKET NUMBER
PH-0752-15-0539-I-1

DATE: August 19, 2016

# THIS ORDER IS NONPRECEDENTIAL[1]

Sarah P. Emanuele, Cornwall, New York, pro se.

Elizabeth J. Head, Esquire, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### REMAND ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2    The administrative judge dismissed this removal appeal for lack of jurisdiction because she found that the appellant had elected to challenge her removal through the negotiated grievance procedure before she filed the formal equal employment opportunity (EEO) complaint through which she sought to appeal her removal as a mixed case before the Board.  Initial Appeal File (IAF), Tab 21, Initial Decision (ID).  The appellant reiterates in her petition for review that the union filed the grievance at issue, not she, that the union's filing does not represent an election by her to grieve her removal, and that the Equal Employment Opportunity Commission (EEOC) found no evidence that she had elected to use the negotiated grievance procedure.  Petition for Review (PFR) File, Tab 1; IAF, Tab 18.  The agency has responded to the petition for review.  PFR File, Tab 3.

¶3    Pursuant to the statute governing grievance procedures, 5 U.S.C. § 7121(e)(1), matters such as the appellant's removal that are covered under a negotiated grievance procedure and Board jurisdiction "may, in the discretion of the aggrieved employee, be raised either under the appellate procedures of section 7701 of this title or under the negotiated grievance procedure, but not both."  *Pirkkala v. Department of Justice*, 123 M.S.P.R. 288, ¶ 6 (2016).  Subsection (e)(1) further provides that an employee is deemed to have elected to file under either the appellate procedures or the grievance procedure based on whichever she timely files first.  *Kendrick v. Department of Veterans Affairs*, 74 M.S.P.R. 178, 181 (1997).

¶4    By law, however, both the exclusive representative and the bargaining unit employee have independent rights to file a grievance over a matter within the scope of the grievance procedure.  5 U.S.C. § 7121(b)(1)(C)(i)‑(ii); *Kendrick*,

74 M.S.P.R. at 181. Therefore, the mere fact that a grievance has been filed regarding an action otherwise appealable to the Board does not remove that action from the Board's jurisdiction due to the employee's "election" of the grievance procedure over the Board's appellate procedures. *Kendrick*, 74 M.S.P.R. at 181. Rather, to be outside the Board's purview, it must be shown that the employee either filed the grievance on her own behalf, or authorized the union to file on her behalf. *Id.* If it is shown that the union filed without the explicit or implicit authorization of the employee, then the employee has not made an election of the grievance procedure, and the matter remains within the jurisdiction of the Board. *See, e.g.*, *Morales v. Merit Systems Protection Board*, 823 F.2d 536, 538‑39 (Fed. Cir. 1987) (finding that an employee did not either request or ratify a grievance filed by her union on her behalf, and therefore her grievance was "void," and she was entitled to proceed before the Board); *Stone v. Department of the Army*, 37 M.S.P.R. 56, 59‑61, 63 (1988) (remanding an appellant's removal appeal for full adjudication after finding that neither the appellant nor his designated representative elected to utilize the grievance procedure to challenge the removal).

¶5     The evidence on which the administrative judge relied to find that the appellant elected the negotiated grievance procedure before she filed the instant appeal, a May 4, 2011 letter from the National Air Traffic Controllers Association requesting expedited arbitration, does not bear the appellant's signature. ID at 2; IAF, Tab 11 at 4, Tab 19 at 2. Additionally, it does not appear from the face of the document that the union provided the appellant with a copy of that document, and the record does not contain a copy of the grievance filing referenced in that letter. IAF, Tab 11 at 4; IAF, Tab 19. In an unsworn pleading below,[2] the appellant claimed that she did not file the grievance, and as noted above, she

---

[2] An unsworn statement by an appellant is admissible evidence, although the fact that it is unsworn may detract from its probative value. *Scott v. Department of Justice*, 69 M.S.P.R. 211, 228 (1995), *aff'd per curiam*, 99 F.3d 1160 (Fed. Cir. 1996) (Table).

further contends that the EEOC found no evidence that she had elected to pursue her removal through the negotiated grievance process. IAF, Tab 18. With her petition for review, she provided a copy of the EEOC's decision denying the agency's motion for reconsideration, but it was not clear from the text of that decision whether the appellant had amended her EEO complaint to include her removal. PFR File, Tab 1 at 19-20.

¶6        Because the record was insufficient to properly determine whether the appellant had authorized the union to file the grievance on her behalf, we issued a show cause order in which we explained the deficiency in the record and ordered the appellant to file evidence and argument on the issue. PFR File, Tab 4. The appellant has filed a sworn response. PFR File, Tab 11. The agency has not responded. Unrebutted sworn statements are competent evidence of the matters asserted therein. *See Truitt v. Department of the Navy*, 45 M.S.P.R. 344, 347 (1990); *Schaefer v. U.S. Postal Service*, 42 M.S.P.R. 592, 595 (1989).

¶7        In her response, the appellant avers that she amended her formal EEO complaint to include her removal. PFR File, Tab 11 at 5‑6. She includes an August 2, 2012 dismissal letter in which the agency appears to acknowledge that the substance of the appellant's formal EEO complaint included her termination. *Id.* at 16. The appellant also includes the EEOC's decision remanding her complaint for adjudication following the agency's erroneous jurisdictional dismissal, in which the EEOC clearly found that the appellant's formal EEO complaint encompassed her "separation from Agency employment." *Id.* at 28.

¶8        Although the administrative judge found that the appellant had filed the grievance, ID at 4, we find that preponderant evidence instead indicates that the union filed it on its own accord. The appellant has provided unrebutted evidence that she was not aware of the grievance when it was filed and has not subsequently ratified it. IAF, Tab 1 at 3, Tab 11 at 4; PFR File, Tab 11 at 2, 8‑9. Moreover, despite the fact that the union requested "expedited arbitration," IAF,

Tab 11 at 4, the administrative judge found that as of December 15, 2015, the date that she issued her initial decision, the grievance was still pending, ID at 2.

¶9     In light of the appellant's sworn response to the Board's show cause order, we find that preponderant evidence indicates that the appellant chose to challenge her removal in her formal EEO complaint and that she did not elect to do so through the negotiated grievance procedure.  Therefore, we must remand her removal appeal to the regional office for adjudication on the merits.

## ORDER

¶10     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this remand order.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.